## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

BRIAN G. WURST,
    1001 Willow Valley
    Lamar, Colorado 81052-3925

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

Civil Action No. ___-_____

### COMPLAINT FOR REFUND OF PARTIAL PAYMENTS OF PENALTIES ASSESSED UNDER SECTION 6700 OF THE INTERNAL REVENUE CODE

Plaintiff Brian G. Wurst ("Plaintiff") brings this action against the Defendant United States of America ("Defendant"). In support thereof, Plaintiff states the following:

### Nature of the Action

1.    This is an action arising under the laws of the Internal Revenue Code of the United States of America for the refund of $41,550 in partial penalties that were erroneously and illegally assessed against and collected from Plaintiff under Section 6700 of the Internal Revenue Code.

### Parties

2.    Plaintiff is a Certified Public Accountant and a member of the accounting firm, Kennedy & Coe, LLC. He is a citizen of the United States of America and a resident of Lamar, Colorado.

3.      Defendant is the United States of America.  The Internal Revenue Service is a bureau of the Department of Treasury, an agency of the United States government, and is responsible for administering and enforcing the Internal Revenue Code.

### Jurisdiction and Venue

4.      This action arises under the Internal Revenue Code of the United States for the refund of penalties erroneously and illegally assessed against and collected from Plaintiff.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1).

6.      Venue is proper in this Court under 28 U.S.C. § 1402(a)(1) because the Plaintiff resides in this judicial district.

### Factual Allegations

7.      During the calendar years 2003, 2004, 2005, 2006 and 2007, Plaintiff consulted with certain of his clients concerning the conservation easement program enacted by the State of Colorado pursuant to Colo. Rev. Stat. §§ 38-30.5-101 to 38-30.5-111, that provided state tax credits to Colorado taxpayers who donated qualifying conservation easements on land within the State of Colorado.

8.      Colorado law provided that, to qualify for a state tax credit, the easement donation also had to qualify for a deduction under Section 170 of the Internal Revenue Code.

9.      Each taxpayer who claimed a deduction on his federal income tax return for such a donation included with the return an appraisal from a qualified appraiser supporting the value of the donation.  The appraiser, and not Plaintiff, determined the valuations, and Plaintiff was entitled to rely on the appraiser's judgment.

10.     No court has determined that the valuations supporting the deductions claimed by any of Plaintiff's clients were, in fact, overstated.  It also appears that the Internal Revenue

Service has not reviewed each of the donations made by Plaintiff's clients in order to evaluate the specifics of each property; accordingly, there is no factual basis upon which to conclude that any of the easement donations was overvalued.

11.     In or about October 2007, the Internal Revenue Service notified Plaintiff that it was investigating whether penalties should be assessed against him for assisting clients in claiming federal income tax deductions based on their donations of conservation easements. Plaintiff cooperated fully with the examination, including providing all documents requested of him and sitting for an extensive interview.  Plaintiff also requested an administrative conference, pursuant to procedures set forth in the Internal Revenue Manual.

*Penalties Assessed Against Plaintiff by the Internal Revenue Service*

12.     Section 6700 of the Internal Revenue Code authorizes the imposition of a penalty on any person who organizes or assists in the organization of a plan or arrangement, or participates in the sale of a plan or arrangement, and who makes, furnishes, or causes another person to make or furnish, a statement concerning tax benefits which the person knows or has reason to know is false or fraudulent as to a material matter, or which involves a gross valuation overstatement as to any material matter.  A "gross valuation overstatement" is defined as one that exceeds the correct valuation by 200 percent or more.

13.   On March 29, 2010, the following penalties under Section 6700 of the Internal

Revenue Code were assessed against Plaintiff for the calendar years 2003, 2004, 2005, 2006 and

2007:

| CALENDAR YEAR | AMOUNT OF PENALTY |
|---|---|
| 2003 | $ 23,000 |
| 2004 | $ 48,000 |
| 2005 | $ 91,000 |
| 2006 | $ 54,000 |
| 2007 | $ 61,000 |
| TOTAL: | $277,000 |

14.   The five Notices of Penalty Charge that Plaintiff received from the Internal

Revenue Service did not disclose what portion(s) of Section 6700 the Internal Revenue Service

relied upon in assessing the penalties against Plaintiff, nor did they disclose the transactions with

respect to which the penalties were imposed.

15.   Based on information requested during an examination conducted under Section

6700 of the Internal Revenue Code, it appears that the penalties assessed for each year were

calculated at $1,000 per taxpayer for whom Plaintiff and/or his accounting firm provided

consulting services during that year and who took deductions related to donations of

conservation easements.

*Plaintiff Pays 15% of the Penalties Assessed and Files Refund Claims*

16.   On April 8, 2010, Plaintiff paid 15% of the penalty charged for each year:

| CALENDAR YEAR | AMOUNT OF PENALTY PAID |
|---|---|
| 2003 | $ 3,450 |
| 2004 | $ 7,200 |
| 2005 | $13,650 |
| 2006 | $ 8,100 |
| 2007 | $ 9,150 |
| TOTAL: | $41,550 |

17.     On April 23, 2010, Plaintiff filed five separate Claims for Refund of Tax Return Preparer and Promoter Penalties ("Claims for Refund") with the Internal Revenue Service for refund of the partial penalties paid by Plaintiff on April 8, 2010 in the amounts described in paragraph 16.

18.     More than six months have elapsed since Plaintiff filed his Claims for Refund and said claims have neither been allowed nor disallowed by the Internal Revenue Service.  As provided in 26 U.S.C. § 6703, if the Internal Revenue Service has not disallowed the claims, Plaintiff is required to bring this suit for refund within 30 days of the expiration of the six month period following the filing of the claims.

**Count I**
**(Refund Claim for the Calendar Year 2003)**

19.     Plaintiff realleges and incorporates herein paragraphs 1 through 18 of this Complaint.

20.     On March 29, 2010, the Internal Revenue Service assessed a penalty against Plaintiff under Section 6700 of the Internal Revenue Code in the amount of $23,000 for the calendar year 2003.

21.     On April 8, 2010, Plaintiff paid to the Internal Revenue Service the sum of $3,450, or 15% of the penalty assessed for the calendar year 2003.

22.     On April 23, 2010, Plaintiff filed a Claim for Refund for the sum of $3,450 with the Internal Revenue Service; a copy of the Claim for Refund is annexed hereto as Exhibit A and Plaintiff incorporates and adopts by reference the basis for refund set forth therein.

23.     Plaintiff did not engage in any conduct subject to a penalty under Section 6700 of the Internal Revenue Code.  He did not make, furnish or cause the making or furnishing of any statement concerning the allowability of any deduction or credit, the excludability of any income

or the securing of any other tax benefit by reason of holding any interest in any entity or

participating in any plan or arrangement which he knew or had any reason to know was false or

fraudulent as to any material matter.  Nor did Plaintiff make or furnish or cause another person to

make or furnish a gross valuation overstatement as to any material matter.

24.     The valuations of the conservation easements relied on by Plaintiff's clients in

support of their federal income tax deductions were prepared by a qualified appraiser on whom

Plaintiff was entitled to rely.  Each and every valuation had a reasonable basis and was made in

good faith.  Accordingly, even if the valuations are ultimately determined to be excessive,

Plaintiff qualifies for waiver of the penalty pursuant to Section 6700(b)(2) of the Internal

Revenue Code.

25.     The assessment and collection of penalties under Section 6700 of the Internal

Revenue Code for the calendar year 2003 were erroneous and illegal.

26.     Plaintiff is entitled to recover from Defendant the sum of $3,450 that was

erroneously and wrongfully assessed and collected by Defendant under Section 6700 of the

Internal Revenue Code and to obtain abatement of the balance of the assessment.

### Count II
### (Refund Claim for the Calendar Year 2004)

27.     Plaintiff realleges and incorporates herein paragraphs 1 through 26 of this

Complaint.

28.     On March 29, 2010, the Internal Revenue Service assessed a penalty against

Plaintiff under Section 6700 of the Internal Revenue Code in the amount of $48,000 for the

calendar year 2004.

29.     On April 8, 2010, Plaintiff paid to the Internal Revenue Service the sum of

$7,200, or 15% of the penalty assessed for the calendar year 2004.

30. On April 23, 2010, Plaintiff filed a Claim for Refund for the sum of $7,200 with the Internal Revenue Service; a copy of the Claim for Refund is annexed hereto as Exhibit B and Plaintiff incorporates and adopts by reference the basis for refund set forth therein.

31. Plaintiff did not engage in any conduct subject to a penalty under Section 6700 of the Internal Revenue Code. He did not make, furnish or cause the making or furnishing of any statement concerning the allowability of any deduction or credit, the excludability of any income or the securing of any other tax benefit by reason of holding any interest in any entity or participating in any plan or arrangement which he knew or had any reason to know was false or fraudulent as to any material matter. Nor did Plaintiff make or furnish or cause another person to make or furnish a gross valuation overstatement as to any material matter.

32. The valuations of the conservation easements relied on by Plaintiff's clients in support of their federal income tax deductions were prepared by a qualified appraiser on whom Plaintiff was entitled to rely. Each and every valuation had a reasonable basis and was made in good faith. Accordingly, even if the valuations are ultimately determined to be excessive, Plaintiff qualifies for waiver of the penalty pursuant to Section 6700(b)(2) of the Internal Revenue Code.

33. The assessment and collection of penalties under Section 6700 of the Internal Revenue Code for the calendar year 2004 were erroneous and illegal.

34. Plaintiff is entitled to recover from Defendant the sum of $7,200 that was erroneously and wrongfully assessed and collected by Defendant under Section 6700 of the Internal Revenue Code and to obtain abatement of the balance of the assessment.

**Count III**
**(Refund Claim for the Calendar Year 2005)**

35.     Plaintiff realleges and incorporates herein paragraphs 1 through 34 of this

Complaint.

36.     On March 29, 2010, the Internal Revenue Service assessed a penalty against

Plaintiff under Section 6700 of the Internal Revenue Code in the amount of $91,000 for the

calendar year 2005.

37.     On April 8, 2010, Plaintiff paid to the Internal Revenue Service the sum of

$13,650, or 15% of the penalty assessed for the calendar year 2005.

38.     On April 23, 2010, Plaintiff filed a Claim for Refund for the sum of $13,650 with

the Internal Revenue Service; a copy of the Claim for Refund is annexed hereto as Exhibit C and

Plaintiff incorporates and adopts by reference the basis for refund set forth therein.

39.     Plaintiff did not engage in any conduct subject to a penalty under Section 6700 of

the Internal Revenue Code.  He did not make, furnish or cause the making or furnishing of any

statement concerning the allowability of any deduction or credit, the excludability of any income

or the securing of any other tax benefit by reason of holding any interest in any entity or

participating in any plan or arrangement which he knew or had any reason to know was false or

fraudulent as to any material matter.  Nor did Plaintiff make or furnish or cause another person to

make or furnish a gross valuation overstatement as to any material matter.

40.     The valuations of the conservation easements relied on by Plaintiff's clients in

support of the federal income tax deductions were prepared by a qualified appraiser on whom

Plaintiff was entitled to rely.  Each and every valuation had a reasonable basis and was made in

good faith.  Accordingly, even if the valuations are ultimately determined to be excessive,

Plaintiff qualifies for waiver of the penalty pursuant to Section 6700(b)(2) of the Internal Revenue Code.

41.     The assessment and collection of penalties under Section 6700 of the Internal Revenue Code for the calendar year 2005 were erroneous and illegal.

42.     Plaintiff is entitled to recover from Defendant the sum of $13,650 that was erroneously and wrongfully assessed and collected by Defendant under Section 6700 of the Internal Revenue Code and to obtain abatement of the balance of the assessment.

### Count IV
### (Refund Claim for the Calendar Year 2006)

43.     Plaintiff realleges and incorporates herein paragraphs 1 through 42 of this Complaint.

44.     On March 29, 2010, the Internal Revenue Service assessed a penalty against Plaintiff under Section 6700 of the Internal Revenue Code in the amount of $54,000 for the calendar year 2006.

45.     On April 8, 2010, Plaintiff paid to the Internal Revenue Service the sum of $8,100, or 15% of the penalty assessed for the calendar year 2006.

46.     On April 23, 2010, Plaintiff filed a Claim for Refund for the sum of $8,100 with the Internal Revenue Service; a copy of the Claim for Refund is annexed hereto as Exhibit D and Plaintiff incorporates and adopts by reference the basis for refund set forth therein.

47.     Plaintiff did not engage in any conduct subject to a penalty under Section 6700 of the Internal Revenue Code.  He did not make, furnish or cause the making or furnishing of any statement concerning the allowability of any deduction or credit, the excludability of any income or the securing of any other tax benefit by reason of holding any interest in any entity or participating in any plan or arrangement which he knew or had any reason to know was false or

fraudulent as to any material matter. Nor did Plaintiff make or furnish or cause another person to make or furnish a gross valuation overstatement as to any material matter.

48.     The valuations of the conservation easements relied on by Plaintiff's clients in support of their federal income tax deductions were prepared by a qualified appraiser on whom Plaintiff was entitled to rely. Each and every valuation had a reasonable basis and was made in good faith. Accordingly, even if the valuations are ultimately determined to be excessive, Plaintiff qualifies for waiver of the penalty pursuant to Section 6700(b)(2) of the Internal Revenue Code.

49.     The assessment and collection of penalties under Section 6700 of the Internal Revenue Code for the calendar year 2006 were erroneous and illegal.

50.     Plaintiff is entitled to recover from Defendant the sum of $8,100 that was erroneously and wrongfully assessed and collected by Defendant under Section 6700 of the Internal Revenue Code and to obtain abatement of the balance of the assessment.

**Count V**
**(Refund Claim for the Calendar Year 2007)**

51.     Plaintiff realleges and incorporates herein paragraphs 1 through 50 of this Complaint.

52.     On March 29, 2010, the Internal Revenue Service assessed a penalty against Plaintiff under Section 6700 of the Internal Revenue Code in the amount of $61,000 for the calendar year 2007.

53.     On April 8, 2010, Plaintiff paid to the Internal Revenue Service the sum of $9,150, or 15% of the penalty assessed for the calendar year 2007.

54.     On April 23, 2010, Plaintiff filed a Claim for Refund for the sum of $9,150 with the Internal Revenue Service; a copy of the Claim for Refund is annexed hereto as Exhibit E and Plaintiff incorporates and adopts by reference the basis for refund set forth therein.

55.     Plaintiff did not engage in any conduct subject to a penalty under Section 6700 of the Internal Revenue Code. He did not make, furnish or cause the making or furnishing of any statement concerning the allowability of any deduction or credit, the excludability of any income or the securing of any other tax benefit by reason of holding any interest in any entity or participating in any plan or arrangement which he knew or had any reason to know was false or fraudulent as to any material matter. Nor did Plaintiff make or furnish or cause another person to make or furnish a gross valuation overstatement as to any material matter.

56.     The valuations of the conservation easements relied on by Plaintiff's clients in support of their federal income tax deductions were prepared by a qualified appraiser on whom Plaintiff was entitled to rely. Each and every valuation had a reasonable basis and was made in good faith. Accordingly, even if the valuations are ultimately determined to be excessive, Plaintiff qualifies for waiver of the penalty pursuant to Section 6700(b)(2) of the Internal Revenue Code.

57.     The assessment and collection of penalties under Section 6700 of the Internal Revenue Code for the calendar year 2007 were erroneous and illegal.

58.     Plaintiff is entitled to recover from Defendant the sum of $9,150 that was erroneously and wrongfully assessed and collected by Defendant under Section 6700 of the Internal Revenue Code and to obtain abatement of the balance of the assessment.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

1.      ordering Defendant to refund to Plaintiff the sum of $41,550 in partial penalty payments that Plaintiff made for the calendar years 2003, 2004, 2005, 2006 and 2007;

2.      ordering Defendant to abate the remaining amount of the penalties assessed under Section 6700 for the calendar years 2003, 2004, 2005, 2006 and 2007;

3.      awarding Plaintiff his costs and reasonable attorney's fees to the extent authorized by law; and

4.      awarding Plaintiff such other and further relief as this Court may deem just.


Dated:        November 19, 2010              Respectfully submitted,


                                             s/ Paula M. Junghans
                                             Paula M. Junghans
                                             Alexandra W. Miller
                                             Zuckerman Spaeder LLP
                                             1800 M Street, N.W., Suite 1000
                                             Washington, D.C.  20036-5802
                                             (202) 778-1800 (telephone)
                                             (202) 822-8106 (facsimile)
                                             pjunghans@zuckerman.com
                                             smiller@zuckerman.com

                                             *Attorneys for Brian G. Wurst*